EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY**<br>**STATE OF COLORADO**<br><br>Court Address: 1437 Bannock Street<br>             Denver, Colorado 80202 | DATE FILED<br>May 1, 2025 4:13 PM<br>FILING ID: A724A6E632C13<br>CASE NUMBER: 2025CV31585 |
| Plaintiff: **CHILITA BETTS**<br><br>v.<br><br>Defendants: **WALMART, INC and SAM'S WEST, INC. d/b/a SAM'S CLUB** | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*:<br>Adam Detsky, #47999<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, Colorado 80260<br>Phone Number: (720) 580-8334<br>FAX Number: (303) 865-5666<br>E-mail: adetsky@ramoslaw.com; | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

**COMES NOW**, Plaintiff, Chilita Betts, by and through her attorneys, Ramos Law, as and for this Civil Complaint and Jury Demand against Defendants Walmart, Inc. and Sam's West, Inc. d/b/a Sam's Club.

## INTRODUCTION

1. On May 10, 2023, Plaintiff Chilita Betts tripped and fell at the Sam's Club store located at 7805 E. 35th Avenue, Denver, CO 80238 when she tripped over a broken pallet that had a piece of wood sticking out from the pallet below her line of vision and several inches off the floor.

## PARTIES, JURISDICTION, AND VENUE

2. At all times relevant to this action, Plaintiff Chilita Betts ("Plaintiff" or "Ms. Betts") was and is a resident of the State of Colorado and the County of Denver.

1

3. At all times relevant to this action, Defendant Walmart, Inc. ("Walmart") was and is a Delaware Corporation located at 702 SW 8th Street, Bentonville, AR 72716.

4. At all relevant times, Walmart is authorized to do business and does business in the State of Colorado.

5. At all times relevant herein, the registered agent for Walmart in Colorado is CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

6. Upon information and belief, Walmart owns and operates Sam's Club store #4777 located at 7805 E. 35th Avenue, Denver, CO 80238 ("the Property").

7. At all times relevant to this action, Defendant Sam's West, Inc. d/b/a Sam's Club ("Sam's Club") was and is a Delaware Corporation located at 702 SW 8th Street, Bentonville, AR 72716.

8. At all relevant times, Sam's Club is authorized to do business and does business in the State of Colorado.

9. At all times relevant herein, the registered agent for Sam's Club in Colorado is CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

10. Upon information and belief, Sam's Club owns and operates the Sam's Club store #4777 located at the Property.

11. Jurisdiction and venue are proper in Denver County District Court pursuant to C.R.C.P. 98(c).

12. This Court has jurisdiction over Plaintiff's claims for personal injuries which arise out of an injury that occurred in the City and County of Denver, Colorado.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates the allegations stated with specificity in the foregoing paragraphs as though set forth verbatim below.

14. All claims herein against the respective Defendants include their respective employees, assigns, contractors, and agents.

15. At all relevant times, the Property was a commercial retail business that was open to the general public.

16. The respective Defendants, individually and/or collectively, owned, maintained, controlled and/or managed the Property or was otherwise legally responsible for either the condition of the property or for activities conducted on the property.

17. At all relevant times to this action, the respective Defendants, individually and/or collectively, were responsible for making sure the Property was managed and maintained in a reasonably safe condition and ensuring that invitees to the Property were safe.

18. At all times material hereto, the respective Defendants, individually and/or collectively, had a non-delegable duty to entrants on the Property such as invitees.

19. On or about May 10, 2023 ("the Date of the Incident"), Plaintiff and some work colleagues went into the Property to do some shopping.

20. On the date of the incident, Plaintiff was an invitee at the Property.

21. While walking through the aisles, Plaintiff was caused to trip by a piece of wood that was sticking out from a wooden pallet.

22. The piece of wood was several inches off the ground.

23. Plaintiff, looking ahead of her and at various products, did not see the piece of wood protruding from the pallet.

24. The piece of wood was part of the pallet which had broken off in part but remained affixed to the pallet.

25. Plaintiff played no role in the placement of the pallet.

26. Upon information and belief, the piece of wood had been protruding into the aisle for a significant period of time prior to Plaintiff's fall.

27. The Defendants, individually and/or collectively, failed to take reasonable precautions to make the premises safe for Plaintiff and for others.

28. The Defendants, individually and/or collectively, had sufficient time and notice so that they had actual notice of the condition.

29. The Defendants, individually and/or collectively, had sufficient time and notice so that they had constructive notice of the condition.

30. The Defendants, individually and/or collectively, failed to promptly correct the condition and/or failed to warn invitees of the condition.

31. The protruding piece of wood several inches above the ground in a high traffic area constituted a dangerous condition.

32. At the time of the incident, there were no caution signs or other protective measures to warn patrons of the dangerous condition.

33. The incident occurred at or near an area where invitees were known and expected, and in this case, instructed, to walk and shop.

34. Upon information and belief, the Defendants, individually and/or collectively, were responsible for the cleanliness, maintenance and operation of the common area of the building.

35. Plaintiff suffered severe physical injuries as a result of the incident, that resulted in an L4-L5 fusion.

36. Plaintiff continues to treat to this day.

37. Plaintiff was employed at the time as a school bus driver for Denver Public Schools but has been unable to return to driving school buses.

38. As a result of the Defendants' negligence, Plaintiff suffered physical injuries, past and future loss of earnings, loss of earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, and permanent impairment and disfigurement.

39. Plaintiff's injuries necessitated and will necessitate past and future medical-related expenses.

40. Plaintiff was not negligent in the above-referenced incident.

41. Plaintiff has not failed to mitigate her damages.

**FIRST CLAIM FOR RELIEF - PREMISES LIABILITY**
**AGAINST WALMART**

42. Plaintiff hereby incorporates all of the allegations stated in the foregoing paragraphs as though set forth verbatim below.

43. At all relevant times, Plaintiff was an invitee as defined by the Colorado Premises Liability Act. § 13-21-115(5)(a), C.R.S.

44. Pursuant to the Premises Liability Act, Walmart was a "landowner" at the time of the incident. C.R.S. § 13-21-115(1) ("For the purposes of this section, 'landowner' includes,

without limitation . . . a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.").

45. Walmart, as the "landowner" of the subject premises, had a duty to use reasonable care to maintain the Property in a reasonably safe manner at the time of the incident, and to use reasonable care to protect Plaintiff against dangers of which Defendant knew or should have known. § 13-21-115, C.R.S.

46. Walmart knew or should have known that a piece of wood protruding from a pallet below eye level and several inches off the ground in a high-volume traffic area of the Property would create a dangerous condition at the time of the incident.

47. Walmart knew or should have known that a dangerous condition existed on the Property at the time of the incident.

48. Walmart knew or should have known that failure to warn or remediate the condition, or place warning signs created a dangerous situation, could result in injuries to those lawfully traversing the property.

49. It was foreseeable to the Walmart Defendant that invitees such as Plaintiff would be injured by a foot/ankle-level protruding piece of wood.

50. The Walmart Defendant was legally responsible for the condition of the Property and/or for the activities conducted and/or circumstances existing described herein, and they, or their agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

51. The Walmart Defendant failed to comply with its duties to the Plaintiff in the following respects, including, but not limited to:

    a. Failure to post signs;
    b. Failure to place caution cones or other signage;
    c. Failure to warn of possible danger;
    d. Failure to exercise reasonable care to prevent dangerous conditions in the public access areas where invitees would be expected to be;
    e. Failure to mediate and mitigate the danger; and
    f. Failure to have in place procedures to protect the public the condition on the Property.

52. In breach of their legal duty, the Walmart Defendant failed to use reasonable care to protect against the dangerous condition on the Property and/or to warn invitees such as Plaintiff.

53. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered physical injuries.

54. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, permanent impairment and loss of enjoyment of life.

55. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future noneconomic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

56. As a direct and proximate result of the Walmart Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

### **SECOND CLAIM FOR RELIEF - PREMISES LIABILITY AGAINST SAM'S CLUB**

57. Plaintiff hereby incorporates all of the allegations stated in the foregoing paragraphs as though set forth verbatim below.

58. At all relevant times, Plaintiff was an invitee as defined by the Colorado Premises Liability Act. § 13-21-115(5)(a), C.R.S.

59. Pursuant to the Premises Liability Act, Sam's Club was a "landowner" at the time of the incident. C.R.S. § 13-21-115(1) ("For the purposes of this section, 'landowner' includes, without limitation . . . a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.").

60. Sam's Club, as the "landowner" of the subject premises, had a duty to use reasonable care to maintain the Property in a reasonably safe manner at the time of the incident, and to use reasonable care to protect Plaintiff against dangers of which Defendant knew or should have known. § 13-21-115, C.R.S.

61. Sam's Club knew or should have known that a piece of wood protruding from a pallet below eye level and several inches off the ground in a high-volume traffic area of the Property would create a dangerous condition at the time of the incident.

62. Sam's Club knew or should have known that a dangerous condition existed on the Property at the time of the incident.

6

63. Sam's Club knew or should have known that failure to warn or remediate the condition, or place warning signs created a dangerous situation, could result in injuries to those lawfully traversing the property.

64. It was foreseeable to the Sam's Club Defendant that invitees such as Plaintiff would be injured by a foot/ankle-level protruding piece of wood.

65. The Sam's Club Defendant was legally responsible for the condition of the Property and/or for the activities conducted and/or circumstances existing described herein, and they, or their agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

66. The Sam's Club Defendant failed to comply with its duties to the Plaintiff in the following respects, including, but not limited to:

   a. Failure to post signs;
   b. Failure to place caution cones or other signage;
   c. Failure to warn of possible danger;
   d. Failure to exercise reasonable care to prevent dangerous conditions in the public access areas where invitees would be expected to be;
   e. Failure to mediate and mitigate the danger; and
   f. Failure to have in place procedures to protect the public the condition on the Property.

67. In breach of their legal duty, the Sam's Club Defendant failed to use reasonable care to protect against the dangerous condition on the Property and/or to warn invitees such as Plaintiff.

68. As a direct and proximate result of the Sam's Club Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered physical injuries.

69. As a direct and proximate result of the Sam's Club Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, permanent impairment and loss of enjoyment of life.

70. As a direct and proximate result of the Sam's Club Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future noneconomic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

71. As a direct and proximate result of the Sam's Club Defendant's failure to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

**WHEREFORE**, Plaintiff prays for entry of Judgment in her favor and against the respective Defendants in an amount sufficient to fully compensate her for all injuries, damages, and losses she sustained to the full extent allowed by law, including, without limitation, economic, non-economic, and physical impairment damages as provided for under Colorado law as well as interest, costs, and such other relief as the Court deems just and appropriate.

DATED: Thursday, May 1, 2025.

Respectfully submitted,

**RAMOS LAW**

**/s/** *Adam J. Detsky*
ADAM J. DETSKY; ATTY#47999

*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office.*

Plaintiff's Address:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, CO 80260

8