IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-02259-TPO

**CHILITA BETTS**,

    Plaintiff,

v.

**SAM'S WEST, INC. d/b/a SAM'S CLUB**,

    Defendant.

## DEFENDANT SAM'S WEST, INC.'S ANSWER AND JURY DEMAND

Defendant, Sam's West, Inc., by and through its attorneys, Sutton | Booker | P.C., hereby submits the following Answer and Jury Demand:

### INTRODUCTION

1. Defendant denies the allegations in paragraph 1 of Plaintiff's complaint.

### PARTIES, JURISDICTION, AND VENUE

2. Upon information and belief, Defendant admits the allegations in paragraph 2 of Plaintiff's complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's complaint.

4. Defendant admits the allegations in paragraph 4 of Plaintiff's complaint.

5. Defendant admits the allegations in paragraph 5 of Plaintiff's complaint.

6. Defendant admits that Sam's West, Inc. is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint. Defendant denies the remaining allegations in paragraph 6.

1

7. Defendant admits it is an Arkansas Corporation with its principal place of business located at 702 SW 8th Street, Bentonville, AR 72716, and denies any remaining allegations in paragraph 7 of Plaintiff's complaint.

8. Defendant admits the allegations in paragraph 8 of Plaintiff's complaint.

9. Defendant admits the allegations in paragraph 9 of Plaintiff's complaint.

10. Defendant admits that Sam's West, Inc. is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint.  Defendant denies the remaining allegations in paragraph 10.

11. Defendant admits that venue and jurisdiction are proper following removal regarding the allegations in paragraph 11 of Plaintiff's complaint.

12. Defendant admits jurisdiction is proper following removal and denies any remaining allegations in paragraph 12 of Plaintiff's complaint.

## GENERAL ALLEGATIONS

13. Defendant hereby incorporates the responses set forth in paragraphs 1 through 12 as if fully set forth herein.

14. Paragraph 14 is a statement which does not appear to require a response from Defendant. To the extent a response is required, the allegations shall be taken as denied.

15. Defendant admits the allegations in paragraph 15 of Plaintiff's complaint.

16. Defendant admits Sam's West, Inc., is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint, and admits Sam's West, Inc., has certain duties as described in C.R.S. § 13-

21-115. Defendant denies the allegations set forth in paragraph 16 of Plaintiff's complaint to the extent the allegations contradict the statute.

17. Defendant admits Sam's West, Inc., is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint, and admits Sam's West, Inc., has certain duties as described in C.R.S. § 13-21-115.. Defendant denies the allegations set forth in paragraph 17 of Plaintiff's complaint to the extent the allegations contradict the statute.

18. Defendant admits Sam's West, Inc. has certain duties described by statute in C.R.S. § 13-21-115. Defendants deny the allegations set forth in paragraph 18 of Plaintiff's complaint to the extent the allegations contradict the statute.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of Plaintiff's complaint, and therefore denies such allegations.

20. Defendant admits that Plaintiff was an "invitee" as defined by the Premises Liability Act but denies the allegations in paragraph 20 to the extent that they are inconsistent with the law.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of Plaintiff's complaint, and therefore denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of Plaintiff's complaint, and therefore denies such allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of Plaintiff's complaint, and therefore denies such allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of Plaintiff's complaint, and therefore denies such allegations.

25. Defendant admits the allegations in paragraph 25 of Plaintiff's complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of Plaintiff's complaint, and therefore denies such allegations.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of Plaintiff's complaint, and therefore denies such allegations.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's complaint.

34. Defendant admits Sam's West, Inc., is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint, and admits Sam's West, Inc., has certain duties as described in C.R.S. § 13-

21-115. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's complaint to the extent the allegations contradict the statute.

35. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of Plaintiff's complaint, and therefore denies such allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 36 of Plaintiff's complaint, and therefore denies such allegations.

37. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 37 of Plaintiff's complaint, and therefore denies such allegations.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's complaint.

### FIRST CLAIM FOR RELIEF - PREMISES LIABILITY

### AGAINST WALMART

42. Defendant hereby incorporates the responses set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 43 of Plaintiff's complaint are denied.

44. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 44 of Plaintiff's complaint are denied.

45. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 45 of Plaintiff's complaint are denied.

46. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 46 of Plaintiff's complaint are denied.

47. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 47 of Plaintiff's complaint are denied.

48. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 48 of Plaintiff's complaint are denied.

49. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 49 of Plaintiff's complaint are denied.

50. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 50 of Plaintiff's complaint are denied.

51. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 51 of Plaintiff's complaint are denied..

52. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 52 of Plaintiff's complaint are denied.

53. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 53 of Plaintiff's complaint are denied.

54. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 54 of Plaintiff's complaint are denied.

55. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 55 of Plaintiff's complaint are denied.

56. Claims against Walmart, Inc., have been dismissed. Further, the allegations are not directed at this Defendant. To the extent a response is required, the allegations in paragraph 56 of Plaintiff's complaint are denied.

## SECOND CLAIM FOR RELIEF - PREMISES LIABILITY

## AGAINST SAM'S CLUB

57. Defendant hereby incorporates the responses set forth in paragraphs 1 through 56 as if fully set forth herein.

58. Defendant admits that Plaintiff was an "invitee" as defined by the Premises Liability Act but denies the allegations in paragraph 58 to the extent that they are inconsistent with the law.

59. Defendant admits that Sam's West, Inc. is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint. Defendant denies the remaining allegations in paragraph 59 of Plaintiff's complaint.

60. Defendant admits Sam's West, Inc. has certain duties described by statute in C.R.S. § 13-21-115. Defendant denies the allegations set forth in paragraph 60 of Plaintiff's complaint to the extent the allegations contradict the statute.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's complaint.

63. Defendant denies the allegations in paragraph 63 of Plaintiff's complaint.

64. Defendant denies the allegations in paragraph 64 of Plaintiff's complaint.

65. Defendant admits that Sam's West, Inc. is a landowner, as that term is defined in C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint. Defendant denies the remaining allegations in in paragraph 65 of Plaintiff's complaint.

66. Defendant denies the allegations in paragraph 66 of Plaintiff's complaint, including all allegations in subsections a through f.

67. Defendant denies the allegations in paragraph 67 of Plaintiff's complaint.

68. Defendant denies the allegations in paragraph 68 of Plaintiff's complaint.

69.Defendant denies the allegations in paragraph 69 of Plaintiff's complaint.

70.Defendant denies the allegations in paragraph 70 of Plaintiff's complaint.

71.Defendant denies the allegations in paragraph 71 of Plaintiff's complaint.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.The alleged injuries and damages, if any, were proximately caused by the comparative negligence of Plaintiff, precluding or reducing any recovery pursuant to C.R.S. § 13-21-111.

2.The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages precludes recovery on those injuries and damages.

3.Plaintiff's claims may be barred or limited by the collateral source rule of C.R.S. § 13-21-111.6.

4.Plaintiff's claims for non-economic loss are limited by the provisions of C.R.S. §13-21-102.5.

5.Defendant reserves the right to supplement these affirmative defenses as discovery progresses.

WHEREFORE, having fully answered, Defendant, Sam's West, Inc., respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in

favor of Defendant and award Defendant their costs and expenses, and such further relief as this Court deems proper.

**DEFENDANT DEMANDS TRIAL TO A JURY ON ALL ISSUES.**

Respectfully submitted this 23rd day of July 2025.

*/s/ Karlee I. Janigian*
Ashley R. Larson
Karlee I. Janigian
Sutton | Booker | P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
Telephone: 303-730-6204
Facsimile: 303-730-6208
E-Mail:  alarson@suttonbooker.com
kjanigian@suttonbooker.com
*Attorneys for Defendant Sam's West, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2025, I electronically filed a true and correct copy of the above and foregoing Defendant Sam's West, Inc.'s Answer and Jury Demand with the Clerk of Court which will send notification of such filing to the following:

Adam Detsky
Ramos Law
10190 Bannock Street, Suite 200
Northglenn, Colorado 80260
*Attorneys for Plaintiff*

*/s/  Krystle L. Young*
*A duly signed original is on file at
Sutton | Booker | P.C.*
